## No. 825
## DeMORE v. STATE
Ohio Appeals, 6th District, Erie County
No. 186. Decided Sept. 28, 1923

**225. INTOXICATING LIQUORS.**

May convict of transporting on circumstantial evidence—Court may take into consideration failure of defendant to take the stand, and explain proof against him.

CHITTENDEN, J.

### Epitomized Opinion

The sheriff of Erie county and his deputies were searching a place suspected of containing intoxicating liquors when DeMore drove up to this place and almost immediately drove away at a high rate of speed. After driving some distance he turned into a side road, and shortly thereafter back out and retraced his course towards the place that was being searched. On the road he met the sheriff who had followed him. Both DeMore and the car he searched but no liquor was found. He made no explanation for his action. Later the sheriff found liquor cached near that side road. Thereupon Demore was arrested, charged with transporting intoxicating liquor, tried and convicted. It is urged by DeMore that the judgment is not sustained by sufficient evidence. After the State had offered this circumstantial evidence, no evidence was offered in behalf of DeMore. In affirming the convention the court of Appeals held:

1. "It has been the law from the foundation of his government that convictions in criminal cases may be sustained by circumstantial evidence. We find that the trial court was fully justified in finding from the facts and circumstances proven in this case that the defendant had been in possession of and was transporting the bottle of whiskey found near the out-of-the-way place where he stopped his car on the side road."

2. "Having made a prima facie case against the defendant, the court was then justified in taking into consideration the fact that the defendant himself failed to take the stand and explain the incriminating circumstances proven against him."

Attorneys—King, Ramsey, Flynn & Pyle for DeMore; E. C. Krueger, for State.

## No. 826
## MOSIER v. JONES et al
Ohio Appeals, 4th District, Franklin County
No. 1064. Decided Oct. 20, 1923

**73. NUISANCE.**

It is the law of Ohio as decided by the Supreme Court in 75 OS. 278 that it is not a nuisance per se to conduct an undertaking parlor in an exclusive residential district.

BY THE COURT.

### Epitomized Opinion

This action originated in the Common Pleas Court of Franklin county and was brought to enjoin the conducting of an undertaking business in an exclusive residential district of Columbus. The Court of Appeals recently held, under the authority of 75 OS .406, that this is not a nuisance per se. This case is now presented on a motion for a new trial and the applicability of the Supreme Court decisions have been challenged. In adhering to the former decision, dissolving the injunction, the Court of Appeals held:

1. The Supreme Court specifically decided in the Kobler case, 75 OS. 278; that an undertaking parlor in an exclusive residential district is not a nuisance per se.

2. "While we defer to the doctrines established by the Supreme Court in reported cases, yet we feel at liberty to say that if it were not for the Kobler case we would be strongly inclined to adopt a more liberal doctrine in cases where businesses, more or less inconsistent, are brought into residential districts, but we do not feel at liberty to change the doctrine of the Kobler case—if any is made it should be made by the Supreme Court, but in order to maintain the status until the case can be presented to the Supreme Court, the judgment dissolving the injunction shall be suspended for thirty days."

Attorneys—Bennett, Westfall & Bennett, Williams, Sinks & Williams and C. H. Mosier, for Mosier; C. J. Pretzman, Vorys & Pease, Baker, Hostettler & Sildo, Burkhardt, Heald & Pickrel, Dinsmore, Shohl & Sawyer, for Jones et al.